273 Cal.App.2d 607 (1969)
In re PRESTON JUNIOR B., a Person Coming Under the Juvenile Court Law. FRANK L. BAILEY, as Probation Officer, etc., Plaintiff and Respondent,
v.
PRESTON JUNIOR B., Defendant and Appellant.
Civ. No. 1033. 
California Court of Appeals. Fifth Dist. 
June 2, 1969.
 Annette La Rue for Defendant and Appellant.
 Thomas C. Lynch, Attorney General, Daniel J. Kremer and James T. McNally, Deputy Attorneys General, for Plaintiff and Respondent.
 CONLEY, P. J.
 The minor, aged 15 years at the time of his hearing in the juvenile court, appeals from the judgment finding him to be a ward of that court by reason of his breach of the law in making lewd telephone calls to one of his teachers. The petition filed February 7, 1968, states that he comes within the provisions of section 602 of the Juvenile Court Law in that "said minor, Preston Junior [B.] on or about the 23rd day of January, 1968, with intent to annoy did make a lewd telephone call to Mrs. Eileen Risley, thereby violating section 653m of the Penal Code of California." The petition names the parents of the minor. He was represented at all stages of the hearing by Fresno attorney, Annette La Rue, who also acts for him on the appeal.
 There is no question but that some minor made the lewd telephone calls to Mrs. Eileen Risley, a teacher at the Washington Union High School. The essential subject of conflict between the affirmative findings of the court and the negative testimony of Preston Junior B. is the identity of the telephone caller. The experienced trial judge, who heard the testimony in detail, was of the opinion that Preston Junior B. was *609 the male adolescent who made the lewd calls to his teacher. On the contrary, Preston Junior B. maintains stoutly that he did not telephone to her. [1] We have in mind the rule enunciated by the Supreme Court of California that the trial judge in matters of this kind is required to decide a factual question in accordance with a preponderance of the evidence, rather than to a moral certainty and beyond all reasonable doubt. (In re Dennis M., 70 Cal.2d 444 [75 Cal.Rptr. 1, 450 P.2d 296].) [2] A review of the record of evidence and a consideration of the arguments of counsel, both orally in this court and in their briefs, has convinced us that the trial judge had before him substantial evidence of the guilt of the minor defendant, and that his conclusion that Preston Junior B. was a fit and proper subject for further proceedings as a ward of the juvenile court was correct.
 It was proven beyond question that someone with the voice and psychology of a male minor called Mrs. Eileen Risley, teacher at Washington Union High School, on several occasions. In each of these instances, this person asked if the recipient of the call was named Mrs. Eileen Risley, and when the answer given was "Yes" the person refused to answer as to what his own name was unless Mrs. Risley would consent to an act of sexual intercourse with him; the caller used a lewd phrase known to most juveniles. On the last day on which a call was made, Mrs. Risley, wishing to identify and perhaps to punish the person who was thus annoying her, seemed to agree to the request and asked directions where she could find the caller. He referred her to a place where he would wait for her, said he would give her $100 for her favors, and described the roads for her approach to where he would be, saying that he would wait for her at a standpipe within view of the road at a specified time. She said she could not get there by 4 o'clock but would arrive as soon as she could.
 She consulted two male teachers, one the dean of boys at the school and the other named John Castle, who was not only a teacher but a special deputy sheriff. Upon request, Mr. Castle was ordered by the sheriff's office to accompany Mrs. Risley to the point of rendezvous. Mr. Castle got his pistol from his own car and then hid himself by lying down on the floor board of the back seat of Mrs. Risley's automobile; the two went in search of the culprit who had made the telephone calls. Originally, Mrs. Risley did not find the place of rendezvous, but finally she came upon the little dirt road by a canal, which had been described to her on the telephone, and saw *610 Preston Junior B. near a standpipe which coincided with the description which had been given by the telephone caller.
 He waved to his teacher to come toward where he was, and he then started across the rough terrain formed by the nearby canal. When he had almost reached the car, the school teacher-deputy sheriff got out of the vehicle with gun in hand, and pursued the boy who turned and ran away; Castle fired twice into the ground and, finally, induced him to halt. After running away, the young man, in effect, said, "Why are you trying to apprehend me? I am not guilty of anything." He had taken off his shirt and held it wrapped around a hunting knife in a scabbard; he apparently tried to throw away the shirt and the knife. He claimed that he had the knife to permit his father, upon his return home, to lance the leg of the minor's horse, and that he had removed the shirt to tie around the horse's neck as a rope to bring the animal to his home where his father would eventually arrive.
 Castle and the boy, on foot, and Mrs. Risley in her car went to a nearby house where the young man lived and talked with his sister, who had arrived shortly before. It was contended by the sister and by him that there were only three keys to the house--that the sister had one and the parents had two, which they carried to their work; this evidence was tendered as showing that the young man could not have reached a telephone in order to make the illicit calls. This defense contention was otherwise also supported by testimony indicating he was not in a position to reach a telephone at the time the calls were made.
 The finder of fact based his identification largely on the theory that Preston Junior B. was awaiting Mrs. Risley at the rendezvous in the identical spot that the voice on the telephone had described to Mrs. Risley when he solicited sexual intercourse. While Preston Junior B. denied that he had made the calls and expressed the thought that maybe somebody else who did make the calls was there in the vicinity of his house, this conclusion is contrary to his actions and the other facts that appear in the transcript; the spot described was a lonely one, and no one else was present. It seems to us that the trial judge used common sense in rejecting the denials of Preston Junior B. and finding that he, in fact, either called Mrs. Risley himself or aided, abetted, advised and encouraged some other young person to make the calls on his behalf, including the proposition which he was ready to carry out.
 During the course of the hearing, the trial judge called attention to the fact that this was the second time that Preston *611 Junior B. had been before the juvenile court, and that on a prior occasion he had been accused of the anti-social act of placing rocks on a railroad track; also, that calls of the same lewd nature had been made by a minor to another teacher, Barbara Feuerstein, and that the annoyance caused by telephone communications of this kind was extreme. We do not wish to be understood as holding that his prior trouble with the juvenile court and the calls to Mrs. Feuerstein were considered by us as being evidence to prove, in the present instance the guilt of the young man. He was accused of specific illegal acts toward Mrs. Eileen Risley, and we believe that the trial judge was justified in finding that he was responsible.
 The penalty prescribed by the juvenile court judge, it seems to us, was reasonable and well within his powers. He determined that the young man had breached the criminal law in making the lewd telephone calls and that he should be made a ward of the court as consequence, with directions to report to juvenile hall for 12 weekends and to be confined there during several hours on Saturdays and Sundays of the weekends, with certain instruction to be given; the period of punishment by incarceration on parts of Saturdays and Sundays was later cut down by the court as indicated in the clerk's transcript; all that remains in enforcement of the judgment is that he will be a ward of the court and under probation until March 31, 1970.
 The judgment is affirmed.
 Gargano, J., concurred.
 STONE, J.
 I concur, under the compulsion of In re Dennis M., 70 Cal.2d 444 [75 Cal.Rptr. 1, 450 P.2d 296], which recognizes the standard of proof by a preponderance of evidence, rather than proof beyond a reasonable doubt, in juvenile cases instituted pursuant to Welfare and Institutions Code. ( 701.)
 The juvenile, here, presented the affidavits of two bus drivers, which would have tended to place him on a bus at the time the telephone call was made. The court said these would add nothing to the defense because if someone else had made the call and defendant followed up by going to the scene he would have been guilty as a conspirator. This categorical statement is far too broad, for had defendant not been told of the call until after it was made and decided to keep the *612 rendezvous with the teacher in the place of the caller, he would not have conspired to make the lewd call, and this was the charge against him.
 However, even if the affidavits are considered as offers of proof and it be conceded that they are correct, still the judgment would stand under the preponderance of evidence standard. This is so because defendant made no offer of proof that anyone told him of the call and, in the absence of such testimony or offer of proof by the minor, the circumstantial evidence points to him as the caller. Circumstantial evidence is sufficient to support the judgment under the rules governing appellate review.