[Crim. No. 26517. Second Dist., Div. Five. May 20, 1975.]

In re DEBRA A., a Minor, on Habeas Corpus.

COUNSEL

Michael Kogan for Petitioner.

John H. Larson, County Counsel, and William F. Stewart, Principal Deputy County Counsel, for Respondent.

**OPINION**

**STEPHENS, J.—** ▆ The petition before us is on behalf of Debra A., who is now 18 years old and at the time of the offense involved, was 17. The Welfare and Institutions Code section 602 petition alleged that the minor had violated Penal Code section 484f, subdivision (2), (forgery of credit card).

The incident giving rise to the filing of the 602 petition occurred on August 13, 1974, when the minor and her mother entered a store and attempted to purchase some rifles worth approximately $324.38 with a stolen BankAmericard. Upon an admission by the minor, the juvenile court, on January 9, 1974, found that the allegations of the petition were true and ordered that the minor be declared a ward of the court under Welfare and Institutions Code section 602. At the disposition proceedings on January 29, 1975, the court ordered that the minor be suitably placed at the home of her aunt "with the exception that the minor shall be placed in a juvenile home, ranch, camp, forestry camp or County Juvenile Hall from Saturday at 5:00 p.m. to Monday at 8:00 a.m. for five

consecutive weekends commencing February 1, 1975." The time of the weekend placement was selected by the court after the minor represented that she worked on Saturdays.

The probation officer's report filed with the court indicated that the minor came from a highly delinquent family, with two of her brothers being currently 602 wards of the court and in suitable placements. The minor's mother, who was also arrested with the minor on the same charge, was on probation at the time for another forgery offense.

The habeas corpus petition before us alleges that the portion of the court's disposition that ordered the minor into a juvenile facility under Welfare and Institutions Code sections 730 and 731 for five weekends was in excess of the juvenile court's authority. (See also Welf. & Inst. Code, § 731.)

Respondent tactfully concedes that the "commitment on weekends possesses to some extent the attributes of punishment," then argues that this is within the rehabilitative goals of juvenile law.

There can be no doubt that the judge intended the weekend custody to be a punitive measure. At the disposition hearing, the judge stated: "It would not be my intention to follow the recommendations [of the probation officer] precisely, although in a general way, I would be following it. *I have in mind some conditions of probation which would be of a punitive nature* aimed at deterring the minor from further activity of this sort." (Italics added.) One of the attorneys involved in the hearing stated: "I don't think any placement would help her at this time. She's got to realize that when she's 18 years of age [in two weeks from the date of that hearing] and she gets in trouble, she faces jail time, she's not facing home on probation." The court then formulated its order, pronouncing: "For five consecutive weekends commencing Saturday, February 1st at 5 p.m. until—commencing Saturday, February 1st and the five weekends will run from . . . Saturday at 5 p.m. to Monday at 8 a.m. and during those periods of time, the minor is removed from the physical custody of her mother and committed in the Juvenile Home, Ranch, Forestry Camp or County Juvenile Hall, as determined by the probation officer. The minor is to surrender at Central Juvenile Hall at 5 p.m. each Saturday for the purpose of detention in the hall, or such other place as the probation officer shall place her for five consecutive weekends." The court later corrected its order so as to provide placement in the home of the minor's aunt rather than that of the minor's mother, but the balance of the order remained the same.

In the instant case there are two obvious results of the court's order: (1) the order does not "commit the minor to a juvenile home, ranch, camp or forestry camp" as authorized by (Welf. & Inst. Code) section 730; (2) retributive punishment was the sole purpose of the weekend incarceration. We certainly recognize that in each county facility named in section 730 there are training and counseling programs, and that none of them consists of a place of custody solely for custody's sake, i.e., a jail. In fact, this distinction between rehabilitation and straight custody is inferred in the limitation included in section 730, i.e., "If there is no county juvenile home, ranch, camp or forestry camp within the county, the court may commit the minor to the county juvenile hall." It is in the part this last quoted provision which requires the issuance of this writ. We take judicial notice of the fact that Los Angeles County has a facility for detention of female minors in addition to its Juvenile Hall, and that place is named "Las Palmas School for Girls." As is apparent, since the judge included "juvenile hall" among the places for the "weekend commitments," the order is erroneous. It likewise is erroneous because the statute provides that the commitment may be to *a* juvenile home, ranch, camp, or forestry camp; there is no legal provision for commitment to *all* of the enumerated facilities at the choice of the probation officer.[1] The juvenile court judge may not delegate to a probation officer his discretion to determine the place of detention over the five weekends as ordered.

We need not determine here whether "punitive" detention (if made reasonably to effect "rehabilitation") is within the purview of the juvenile court law.

The order to show cause is discharged and the writ is granted to the extent that the order is reversed and the cause remanded solely for the purpose of redetermination of the disposition.

Kaus, P. J., and Loring, J.,* concurred.

---

[1] Welfare and Institutions Code section 737 provides that a minor may be confined to a juvenile hall after disposition only until the execution of the order of commitment.

*Assigned by the Chairman of the Judicial Council.