Filed 7/11/13  In re Pedro N. CA1/5

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| In re PEDRO N., a Person Coming Under the Juvenile Court Law. | |
| THE PEOPLE,<br><br>　　Plaintiff and Respondent,<br><br>　　　　v.<br><br>PEDRO N.,<br><br>　　Defendant and Appellant. | A136452<br><br>(Sonoma County<br>Super. Ct. No. 35954-J) |

Pedro N. (appellant), a minor, appeals from a dispositional order committing him to juvenile hall for a period of 180 to 300 days after he admitted to receiving stolen property.  (Pen. Code, § 496, subd. (a); Welf. & Inst. Code, § 602.)  Among other things, we reject appellant's contention the juvenile court lacked authority to impose an extended commitment to juvenile hall.  We affirm the court's order but remand for specification of the maximum length of confinement and appellant's custody credits toward that maximum.

## BACKGROUND

Appellant, born in January 1995, was declared a ward of the court in March 2011, after he pled no contest to an allegation in a Welfare and Institutions Code section 602, subdivision (a) petition (602(a) petition) that he committed residential burglary (Pen. Code, § 459).  A second allegation in the petition that he received stolen property (Pen.

1

Code, § 496, subd. (a)) was dismissed, as was another residential burglary (Pen. Code, § 459) allegation in a second 602(a) petition. The juvenile court placed appellant in his parent's home and directed him to participate in the Assertive Community Treatment (ACT) program.

In July 2011, appellant admitted allegations in a third 602(a) petition that he drove under the influence of alcohol and without a license (Veh. Code, §§ 12500, subd. (a), 23152, subd. (b).) On July 6, the juvenile court removed appellant from his parent's home and placed him at juvenile hall. On July 20, appellant was released from juvenile hall with orders to participate in several programs (including substance abuse programs) in addition to the prior ACT referral. On October 20, the juvenile court vacated the referral to the ACT program and referred appellant to the WRAP[1] program, due to appellant's ineligibility for funding for the ACT program.

In November 2011, appellant admitted to violating the conditions of his probation by leaving home without permission and drinking alcohol, as alleged in a Welfare and Institutions Code section 777 petition (777 petition). Appellant was directed to continue to participate in the WRAP program.

In January 2012, appellant admitted allegations in a new 777 petition that he violated the conditions of his probation by leaving home without permission, taking money from his mother's backpack, being suspended from school due to disruptiveness, and using alcohol and marijuana. Appellant was directed to continue to participate in the WRAP program.

In March 2012, appellant admitted to allegations in a new 777 petition that he violated the conditions of his probation by leaving home without permission and being suspended from school due to daily refusal to adhere to the school dress code. Appellant was directed to continue to participate in the WRAP program and to serve 30 days in juvenile hall and 30 days on community detention.

---

[1] It appears the "WRAP" program is also referred to as the "Wraparound" program.

In May 2012, appellant admitted allegations in a new 777 petition that he violated the conditions of his probation by being suspended from school for stealing another student's shirt and refusing to follow directions from school staff. The juvenile court removed appellant from his home, vacated the WRAP referral, and committed appellant to probation camp.

On July 6, 2012, the district attorney filed a fourth 602(a) petition, alleging appellant escaped from camp (Welf. & Inst. Code, § 871, subd. (a)). A supplemental disposition report stated that, when appellant was home on his first six-hour furlough from camp, he left home without permission and did not return to camp. On July 24, the district attorney filed a fifth 602(a) petition, alleging appellant received stolen property (Pen. Code, § 496, subd. (a)). The supplemental disposition report stated that appellant and a co-offender were seen abandoning a stolen vehicle.

Appellant admitted the receiving stolen property allegation, and the escape allegation was dismissed. In August 2012, appellant was ordered to serve 180 to 300 days in juvenile hall, the "exact time to be determined by [the] Juvenile Hall Director." This appeal followed.

DISCUSSION

I. *Standard of Review*

"The appellate court reviews a commitment decision for abuse of discretion . . . . [Citations.]" (*In re Angela M.* (2003) 111 Cal.App.4th 1392, 1396.) "An appellate court will not lightly substitute its decision for that rendered by the juvenile court. We must indulge all reasonable inferences to support the decision of the juvenile court and will not disturb its findings when there is substantial evidence to support them. [Citations.]" (*In re Michael D.* (1987) 188 Cal.App.3d 1392, 1395.) However, questions of statutory interpretation are reviewed de novo. (*In re M.C.* (2011) 199 Cal.App.4th 784, 804-805.)

II. *The Commitment to Juvenile Hall Was Not Improper*

Appellant contends (1) the juvenile court lacked authority to make an extended commitment to juvenile hall; (2) the juvenile hall commitment lacked a rehabilitative purpose; and (3) the juvenile court improperly delegated its sentencing discretion.

3

A.  *Propriety of Extended Commitment to Juvenile Hall*

Appellant contends, as a matter of law, the juvenile court lacked authority to impose an extended commitment to juvenile hall.

Appellant relies on Welfare and Institutions Code section 730, subdivision (a),[2] which authorizes a juvenile court to commit a minor adjudged a ward of the court under section 602 "to a juvenile home, ranch, camp, or forestry camp. *If there is no county juvenile home, ranch, camp, or forestry camp within the county, the court may commit the minor to the county juvenile hall.*"  (Italics added.)  "In construing a statute, our role is to ascertain the Legislature's intent so as to effectuate the purpose of the law. [Citation.]  In determining intent, we must look first to the words of the statute because they are the most reliable indicator of legislative intent.  [Citation.]  If the statutory language is clear and unambiguous, the plain meaning of the statute governs.  [Citation.]" (*People v. Lopez* (2003) 31 Cal.4th 1051, 1056.)  Appellant reads section 730, subdivision (a) as precluding a juvenile hall commitment where, as here, a camp is available in the county.  However, the literal language of the statute merely *authorizes* commitments to juvenile hall where the other types of listed facilities are not available in the county.  The statute appears to address a situation where a placement at one of the listed types of facilities would be more appropriate, but the placement is not available. Appellant's construction assumes the Legislature also intended to restrict juvenile hall placements by implication—that a court may *not* commit a minor to juvenile hall if one of the listed placements is available, even if the juvenile hall commitment is the most appropriate placement for the minor.

Appellant's reading of section 730, subdivision (a) as sharply restricting juvenile hall commitments would be in conflict with section 202, subdivision (e)(4), which expressly and broadly authorizes the juvenile courts to impose sanctions, including "[c]ommitment of the minor to a local detention or treatment facility, such as a juvenile hall, camp, or ranch."  (See *Los Angeles County Metropolitan Transportation Authority v.*

---

[2]  Hereafter, all undesignated section references are to the Welfare and Institutions Code.

*Alameda Produce Market, LLC* (2011) 52 Cal.4th 1100, 1106-1107 ["We do not . . . consider the statutory language in isolation; rather, we look to the statute's entire substance in order to determine its scope and purposes. . . . We must harmonize the statute's various parts by considering it in the context of the statutory framework as a whole. [Citation.]"].) Moreover, appellant's construction of the statute is inconsistent with the rule that "juvenile placements need not follow any particular order . . . , including from the least to the most restrictive." (*In re Eddie M.* (2003) 31 Cal.4th 480, 507 [most restrictive alternative may be ordered before other options are tried].)

*In re Debra A.* (1975) 48 Cal.App.3d 327, 330 (*Debra A.*), arguably construed section 730, subdivision (a) as limiting the juvenile court's discretion to commit a minor to juvenile hall where other facilities are available. There, the juvenile court imposed weekend commitments " 'in the Juvenile Home, Ranch, Forestry Camp or County Juvenile Hall, as determined by the probation officer.' " (*Debra A.*, at p. 329.) The Court of Appeal appeared to conclude that section 730, subdivision (a) precluded commitment of the minor to juvenile hall where the other facilities were available. (*Debra A.*, at p. 330.) However, we do not read *Debra A.* as construing section 730, subdivision (a) to preclude a juvenile hall commitment where the juvenile court has, as in this case, deemed the other available placements inappropriate. In any event, *Debra A.* did not reconcile any such interpretation of section 730, subdivision (a) with the language of section 202, subdivision (e)(4).

We also note that appellant fails to cite any authority that a juvenile court may not order an *extended* juvenile hall commitment such as the one imposed here. Appellant cites language in *In re Gerald B.* (1980) 105 Cal.App.3d 119, 125, that "it is generally recognized that there is no legal impediment to the imposition of *brief* periods of juvenile hall detention *as a condition of probation* in section 602 proceedings." (First italics added.) However, neither *In Gerald B.* nor any cases cited therein hold or cite any authority for the proposition that juvenile courts are prohibited from imposing lengthier juvenile hall commitments. As noted previously, section 202, subdivision (e)(4) allows commitment to juvenile hall as a sanction and imposes no limitation on the length of the

commitment.  We decline to impose any such rigid limitation, which is not present in the statute.  (See *In re Greg F.* (2012) 55 Cal.4th 393, 411 ["The statutory scheme governing juvenile delinquency is designed to give the court 'maximum flexibility to craft suitable orders aimed at rehabilitating the particular ward before it.'  [Citation.]  Flexibility is the hallmark of juvenile court law, in both delinquency and dependency interventions.  [Citation.]"].)[3]

B. *Rehabilitative Purpose*

As to appellant's contention that the juvenile hall commitment lacked a rehabilitative purpose, we review the juvenile court's disposition order in light of the purpose of the juvenile delinquency laws, which "is twofold:  (1) to serve the 'best interests' of the delinquent ward by providing care, treatment, and guidance to rehabilitate the ward and 'enable him or her to be a law-abiding and productive member of his or her family and the community,' and (2) to 'provide for the protection and safety of the public . . . .'  [Citations.]"  (*In re Charles G.* (2004) 115 Cal.App.4th 608, 614-615; see also, § 202, subd. (a).)  "[T]he 1984 amendments to the juvenile court law reflected an increased emphasis on punishment as a tool of rehabilitation, and a concern for the safety of the public.  [Citation.]"  (*In re Asean D.* (1993) 14 Cal.App.4th 467, 473.)  Accordingly, "[m]inors under the jurisdiction of the juvenile court as a consequence of delinquent conduct shall, in conformity with the interests of public safety and protection, receive care, treatment, and guidance that is consistent with their best interest, that holds them accountable for their behavior, and that is appropriate for their circumstances.  This guidance may include punishment that is consistent with the rehabilitative objectives of this chapter."  (§ 202, subd. (b).)  Commitment to juvenile hall is a permissible "punishment."  (§ 202, subd. (e)(4).)

---

[3]  Appellant also points out that the California Code of Regulations defines " 'juvenile hall' " as "a county facility designed for the reception and *temporary* care of minors detained in accordance with the provisions of this subchapter and the juvenile court law." (Cal. Code of Regs., tit. 15, § 1302; italics added.)  That definition cannot be read to limit a juvenile court's authority to commit a minor to juvenile hall under section 202, subdivision (e)(4).

In the present case, the juvenile court tried community programs as well as a camp placement, and appellant's performance was dismal. There is no dispute that one of appellant's main problems is his apparent inability to abstain from alcohol and marijuana, and the commitment to juvenile hall was calculated to address that obstacle. Thus, the probation officer's supplemental disposition report stated that appellant "has told the [c]ourt over and over again that he wants treatment for his substance abuse issues, but he has not demonstrated any commitment to sobriety no matter what the intervention for the greater part of three years. Instead, his substance use has continued unabated and the minor seems to be well on the road to becoming criminally sophisticated, making him a danger to both himself and the community, especially when he is under the influence. This department is well aware that incarceration in Juvenile Hall is not treatment, but serving time is what the Screening Committee felt was the only appropriate recommendation at this point. Remaining in custody will give the minor an enforced period of sobriety during which it is hoped he will reconsider his priorities and what he wants to do with his life. He can also work toward graduation or his GED, and he can participate in an independent living program that can help him transition back to the community when he is released." In adopting the probation officer's recommendation, the juvenile court echoed the report's reasoning, stating, "[m]aybe the best thing we can do for you now, Pedro, is give you a period of time where you have to be sober and clean so you can actually think about what kind of life you can lead. We've done all kinds of things to help, and none of it worked."[4]

At the time of the court's challenged order, appellant was four months short of his 18th birthday. As he faced the imminent prospect of receiving far harsher consequences for criminal conduct as an adult, the juvenile court order sought "to avoid the unkind

---

[4] Appellant was ineligible for commitment to the Division of Juvenile Facilities because the most recently sustained allegation, receiving stolen property (Pen. Code, § 496, subd. (a)), is not an offense listed in Welfare and Institutions Code section 707, subdivision (b) or Penal Code section 290.008. (Welf. & Inst. Code, § 733, subd. (c).)

7

leniency" that may lead a minor to further violations of law.  (*In re Ricardo M.* (1975) 52 Cal.App.3d 744, 749 (*Ricardo M.*).)

Appellant does not dispute that a period of enforced sobriety is in his best interest, and he does not dispute that the educational opportunities identified by the probation officer are available at juvenile hall.  Appellant's contention that the disposition lacked a rehabilitative purpose is without merit.

C.  *Delegation Regarding Length of Commitment*

Appellant contends it was impermissible for the juvenile court to delegate responsibility to the juvenile hall director to determine at what point appellant could be released within the commitment range set by the court.  However, none of appellant's cases regarding improper delegation involve the delegation of discretion to determine the exact length of commitment within a range.  For example, in *Debra A.*, *supra*, 48 Cal.App.3d at page 330, the Court of Appeal held the juvenile court impermissibly delegated to the probation officer the determination of *where* the minor would be committed during each of five weekends.  In the present case, the juvenile court determined the location of the commitment and specified minimum and maximum number of days of commitment.

This case is directly analogous to *Ricardo M., supra,* 52 Cal.App.3d 744.  In that case, the juvenile court imposed as a probation condition that the minor spend "not less than 5 nor more than 20 days in juvenile hall, the exact amount of time to be determined by juvenile hall staff based upon [the minor's] attitude and cooperation."  (*Id.* at p. 746.)  The Court of Appeal stated that the juvenile court's order effectively vested the discretion in the probation officer, "[s]ince the juvenile hall is under the management and control of the probation officer."  (*Id.* at p. 752, citing § 852.)  The Court of Appeal then held that the delegation of authority was permissible.  (*Ibid.*)  Appellant does not contend that *Ricardo M.* was erroneously decided, and he does not explain why or present authority

8

that the greater length of the commitment at issue in the present case affects the propriety of the delegation of authority.**5**

Appellant also cites various cases and statutory provisions regarding the authority of the Division of Juvenile Justice**6** and its procedures to determine the duration of confinement of minors committed to the DJJ.  (See, e.g., *In re A.G.* (2011) 193 Cal.App.4th 791; *In re Carlos E.* (2005) 127 Cal.App.4th 1529; §§ 1176, 1766.)  As appellant points out, there is no indication in the record there are any specific procedures in place to guide the determination of when during the range set by the juvenile court appellant should be released from juvenile hall.  However, appellant fails to explain why or cite any authority that the absence of express statutory authority and procedures analogous to those applicable to the DJJ means it was impermissible for the juvenile court to make the order it made.

Appellant has not shown that the trial court's delegation of discretion to release appellant from juvenile hall after 180 days but before 300 days was impermissible.

III. *Maximum Confinement Time and Predisposition Credits*

Appellant contends the trial court erred in failing to specify the maximum confinement period for his various sustained offenses and in failing to grant him credit toward that maximum for predisposition time spent in juvenile hall.

When a juvenile is removed from his or her parent's physical custody as the result of a section 602 order of wardship, the juvenile court's dispositional order must specify the maximum term of physical confinement, not to exceed the maximum term of imprisonment that could be imposed on an adult convicted of the same offense or

---

**5**  We also agree with *In re Ronny P.* (2004) 117 Cal.App.4th 1204, 1206, which upheld an order confining a minor to a camp for a minimum period of 120 days, with a maximum term of confinement of four years nine months.

**6**  In July 2005, the California Youth Authority was renamed the Department of Corrections and Rehabilitation, Division of Juvenile Justice (DJJ).  The Division of Juvenile Facilities is part of the DJJ.  (*In re Jose T.* (2010) 191 Cal.App.4th 1142, 1145, fn. 1.)

offenses.  (§ 726, subd. (d); see also *In re Julian R.* (2009) 47 Cal.4th 487, 497.)[7] Physical confinement includes a juvenile hall commitment.  (§ 726, subd. (d).) Moreover, appellant is "entitled to credit against his or her maximum term of confinement for the time spent in custody before the disposition hearing.  [Citations.]" (*In re Emilio C.* (2004) 116 Cal.App.4th 1058, 1067; see also *In re Eric J.* (1979) 25 Cal.3d 522, 533-536.)

Respondent does not dispute the juvenile court was required to specify the maximum confinement time and credits to be applied toward that maximum.  Instead, respondent argues the court was not required to make an oral pronouncement of the maximum and asserts that the court "incorporated into the court minutes the probation officer's worksheet for determining [the] maximum term of confinement" and appellant's credits.  Respondent cites to the worksheet, but fails to cite to anywhere in the record showing that the juvenile court incorporated the worksheet into its order, and this court has been unable to find any such reference in the record.

We remand with directions that the juvenile court specify the maximum confinement time and appellant's credits to be applied toward that maximum.  In making the specification, the court shall comply with *In re Julian R.*, *supra*, 47 Cal.4th at pages 497-498.

---

[7]  Section 726, subdivision (d) provides in part:  "If the minor is removed from the physical custody of his or her parent or guardian as the result of an order of wardship made pursuant to Section 602, the order shall specify that the minor may not be held in physical confinement for a period in excess of the maximum term of imprisonment which could be imposed upon an adult convicted of the offense or offenses which brought or continued the minor under the jurisdiction of the juvenile court."

DISPOSITION

The juvenile court's order is affirmed. The matter is remanded with directions that the juvenile court specify the maximum confinement time and appellant's custody credits to be applied toward that maximum.

_____

SIMONS, Acting P.J.

We concur.

_____

NEEDHAM, J.

_____

BRUINIERS, J.