Filed 3/17/14  In re Andrew M. CA2/5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| In re ANDREW M., a Person Coming Under the Juvenile Court Law. | B250634 (Los Angeles County Super. Ct. No. KJ38032) |
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>    v.<br><br>ANDREW M.,<br><br>        Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Phyllis Shibata, Temporary Judge.  (Pursuant to Cal. Const., art. VI, § 21.)  Affirmed.

Stephen Borgo, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Lance E. Winters, Assistant Attorney General, Steven D. Mathews and Analee J. Brodie, Deputy Attorneys General, for Plaintiff and Respondent.

Andrew M., a 16-year-old minor, possessed a stun gun without written parental consent, a misdemeanor. (Pen. Code, § 22610, subd. (d).) The minor was declared a ward of the juvenile court (Welf. & Inst. Code, § 602) and placed home on probation. On appeal, the minor argues the juvenile court abused its discretion when it denied his Welfare and Institutions Code section 782 (section 782) motion to dismiss.

Penal Code section 22610 states: "Notwithstanding any other provision of law, any person may purchase, possess, or use a stun gun, subject to the following requirements: [¶] . . . [¶] (d) No minor shall possess any stun gun unless the minor is at least 16 years of age and has the *written consent* of the minor's parent or legal guardian." (Italics added.) The minor was arrested by Officer Fernando Vasconcellos. The minor argues at the time of his arrest he was never asked whether he had his mother's permission to carry the stun gun. The minor asserts his mother had no objection to his possession of the stun gun. No such evidence was presented during the adjudication and disposition hearings.

Section 782 grants the juvenile court discretion to dismiss a wardship petition. (§ 782; *In re Greg F.* (2012) 55 Cal.4th 393, 400; *V.C. v. Superior Court* (2009) 173 Cal.App.4th 1455, 1463-1464, disapproved on another point in *In re Greg F., supra,* 55 Cal.4th at p. 415.) Section 782 states, "A judge of the juvenile court in which a petition was filed, at any time before the minor reaches the age of 21 years, may dismiss the petition of may set aside the findings and dismiss the petition if the court finds that the interests of justice and the welfare of the minor require such dismissal, or if it finds that the minor is not in need of treatment or rehabilitation." Our Supreme Court has held: "'Juvenile proceedings are conducted not only for the protection of society, but for the protection and benefit of the youth involved.' (*Derek L. v. Superior Court* [(1982)] 137 Cal.App.3d [228,] 236.) 'Juvenile court action thus differs from adult criminal prosecutions where "a major goal is corrective confinement of the defendant for the protection of society." [Citation.] The protective goal of the juvenile proceeding is that "the child [shall] not become a criminal in later years, but a useful member of society."

2

[Citation.]' (*In re Ricardo M.* (1975) 52 Cal.App.3d 744, 749; see *People v. Arias* (1996) 13 Cal.4th 92, 164.) In contrast to the more punitive aims of the adult criminal justice system, 'the purpose of the juvenile justice system is "(1) to serve the 'best interests' of the delinquent ward by providing care, treatment, and guidance to rehabilitate the ward and 'enable him or her to be a law-abiding and productive member of his or her family and community,' and (2) to 'provide for the protection and safety of the public . . . .' (§ 202, subds. (a), (b) & (d); [citations].)" [Citation.]' (*In re R.O.* (2009) 176 Cal.App.4th 1493, 1500.) To this end, the language of section 782 specifically requires that any dismissal of a delinquency petition serve *both* 'the interests of justice *and the welfare of the minor.*' (§ 782, italics added.)" (*In re Greg F., supra,* 55 Cal.4th at p. 417.)

We find no abuse of discretion. The minor had previously been a ward of the juvenile court after he was found in possession of tear gas or pepper spray. He had been placed home on probation. Jurisdiction was terminated on January 18, 2013. Less than two months later, on March 2, 2013, the 16-year-old minor was detained for the present stun gun possession. It is true that the minor was 16 years old when he was arrested. However, there was no evidence he had his parent's written consent to possess the stun gun. The juvenile court expressed concern the minor was once again in possession of a potentially dangerous weapon. Further, the probation officer's report reflects that when the minor was in ninth grade, the minor failed most of his classes. After changing schools, in tenth grade, the minor's performance was improving; he was passing his classes but remained behind on credits. The minor told the probation officer he intended to complete high school. After high school, the minor hoped to attend an art institute and pursue a career in media design. The minor's mother said her son was well-behaved at home. The minor did his chores and obeyed his curfew.

Nevertheless, the probation officer noted the minor would benefit from supervision, "The probation officer believes that the minor shall benefit from the application of additional community-based alternative, corrective, deterrent, preventive, and supportive measures and tools through juvenile probation supervision." The

3

probation officer noted: "Under juvenile probation supervision, the minor's activities shall be under close monitoring. Just as importantly, the minor and his parent shall receive community-based corrective counseling and treatment services. Thirdly, the minor shall be accountable for any poor effort, grades, attendance, and behavior in school. Lastly, supervision shall sternly discourage the minor from participation in any future delinquent activity, behavior, or conduct." Under these circumstances, the juvenile court could reasonably conclude it was in the interests of justice and the welfare of the minor that he be declared a ward of the court.

## DISPOSITION

The wardship order is affirmed.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

TURNER, P.J.

We concur:

KRIEGLER, J.

MINK, J.*

---

*        Retired Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

4