Filed 3/4/21  In re O.P. CA4/2

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| In re O.P., a Person Coming Under the Juvenile Court Law. | |
| THE PEOPLE, | E074935 |
| Plaintiff and Respondent, | (Super.Ct.No. J277069) |
| v. | OPINION |
| O.P., | |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County. Pamela P. King, Judge. Affirmed.

Tonja R. Torres, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

1

Between November 2018 and June 2020, minor O.P. admitted to three counts of second degree vehicular burglary and four probation violations. On March 16, 2020, after O.P.'s 18th birthday and following a contested disposition hearing, the court declined to order terminal disposition, and instead continued him as a ward, ordered formal probation, and required he spend 138 days in juvenile hall. Minor remained a ward of the court until being discharged in August 2020. The court also declined to seal his record as he failed to successfully complete probation.

O.P. appeals the court's March 16, 2020 order. His attorney filed a brief informing this court they were unable to identify any errors and asking us to perform an independent review of the record. Based on our independent review of the record, we find no error and affirm.

I

FACTS

From November 2018 to October 2019, the People filed two petitions against O.P. under Welfare and Institutions Code section 602 (unlabeled statutory citations refer to this code) and four petitions under section 777 for various crimes and probation violations including criminal threats, possession of controlled substances, breaking into cars, breaking into lockers, not adhering to curfew, and not going to school. Both of the section 602 petitions ended with O.P. admitting to second degree vehicular burglary, O.P. being deemed a ward of the court, and the court ordering him to serve 30 days in juvenile hall. (Pen. Code, § 459.) The court dismissed the first Welfare and Institutions Code

2

section 777 petition based on O.P.'s admission to the second 602 petition. However, the other three section 777 petitions ended with O.P. admitting to a probation violation: twice for failing to adhere to curfew and once for failing to attend school. For each of the section 777 petitions save one, the court ordered O.P. to serve 30 days in juvenile hall and then be released on probation. The only exception involved the same disposition except the court ordered O.P. to serve only 14 days in juvenile hall instead of 30.

On January 22, 2020, the People filed a final petition under Welfare and Institutions Code section 602, alleging O.P. took a vehicle without consent in violation of Vehicle Code section 10851, subdivision (a). The People eventually added an allegation that O.P. committed another second degree vehicular burglary. O.P. once again admitted to the vehicular burglary charge and the court dismissed the other allegation. The court held a contested disposition hearing on March 16, 2020, after O.P.'s 18th birthday, in part because O.P. requested terminal disposition. Following the contested disposition hearing, the court declined to order terminal disposition and instead continued O.P. as a ward of the court and ordered he serve 138 days in juvenile hall. O.P. filed his notice of appeal the same day.

The People filed a final section 777 petition on June 26, 2020, while this appeal was pending, alleging among other things that O.P. failed to report to his probation

officer.[1] O.P. admitted the violation and the juvenile court ordered him to serve 30 days in juvenile hall.

On August 7, 2020, the juvenile court found O.P. did not satisfactorily complete his probation and was therefore ineligible to have his records sealed. It then discharged O.P. as a ward of the court.

II

ANALYSIS

We appointed counsel to represent O.P. on appeal, and counsel has filed a brief under the authority of *People v. Wende* (1979) 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S. 738, setting forth a statement of the case, a summary of the facts and potential arguable issues, and asking us to conduct an independent review of the record.

Counsel's brief raised two potential issues for our consideration: whether the juvenile court abused its discretion when it committed O.P. to juvenile hall as a condition of probation under *In re Ricardo M.* (1975) 52 Cal.App.3d 744, and whether it abused its discretion in concluding O.P. did not satisfactorily complete his probation and is

---

[1] O.P.'s notice of appeal only specifies that he is appealing from the court's orders on March 16, 2020. He is entitled to our independent review of the record on appeal from this order because an appeal from the dispositional order is a first appeal of right. (*In re Kevin S.* (2003) 113 Cal.App.4th 97, 118; *In re Mario C.* (2004) 124 Cal.App.4th 1303, 1307-1308; *People v. Serrano* (2012) 211 Cal.App.4th 496, 500-501.) However, he successfully moved to augment the record to include the final section 777 petition and its disposition. He is not entitled to our independent review of these orders (see *People v. Serrano*, at pp. 500-501), but because he is entitled to independent review of the dispositional order we exercise our discretion to  conduct an independent review of the entire record.

therefore ineligible for record sealing. We offered O.P. an opportunity to file a personal supplemental brief, and he has not done so.

We have independently reviewed the record for potential error as required by *People v. Kelly* (2006) 40 Cal.4th 106 and find no arguable error that would result in a disposition more favorable to O.P.

III

DISPOSITION

We affirm the judgment.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

SLOUGH
J.

We concur:

RAMIREZ
P. J.

CODRINGTON
J.

5