Filed 2/2/15

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| In re KHALID B., a Person Coming Under the Juvenile Court Law. | |
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>KHALID B.,<br><br>    Defendant and Appellant. | A140708<br><br>(San Francisco County<br>Super. Ct. No. JW126429) |

Welfare and Institutions Code section 727.1, subdivision (b)(1) (section 727.1(b)(1))[1] provides that a court "may not" order placement of a ward at an out-of-state facility unless "[i]n-state facilities or programs have been determined to be unavailable or inadequate to meet the needs of the minor." After appellant, born July 1998, admitted an allegation in a section 602 petition that he committed involuntary manslaughter (Pen. Code, § 192, subd. (b)), the juvenile court placed him in a facility in Iowa. Appellant contends the juvenile court abused its discretion by imposing an out-of-state placement because there is no substantial evidence in-state facilities were unavailable or inadequate to meet his needs. We agree.

BACKGROUND

In November 2012, the San Francisco District Attorney filed a section 602 petition alleging appellant committed involuntary manslaughter and assault by means likely to

---

[1] All further undesignated statutory references are to the Welfare and Institutions Code.

produce great bodily injury (Pen. Code, § 245, subd. (a)(4)).[2] The allegations were based on an incident during which appellant struck a man, who died after hitting his head on the pavement. In January 2013, a second petition was filed alleging appellant committed another assault by means likely to produce great bodily injury (Pen. Code, § 245, subd. (a)(4)). The petition was based on an incident during which appellant assaulted another detainee at juvenile hall.

In October 2013, following testimony by a police officer and eyewitness regarding the basis for the November 2012 petition, appellant admitted the involuntary manslaughter allegation. The balance of the November 2012 petition and the entirety of the January 2013 petition were dismissed.

In a November 2013 dispositional report, the juvenile probation department (the Department) recommended that wardship be declared and appellant be placed at an out-of-state facility. On November 20, 2013, appellant filed a written opposition to the recommendation. The juvenile court held a contested dispositional hearing on November 22. At the conclusion of the hearing, the juvenile court declared appellant a ward of the court and authorized the Department to seek an out-of-state placement. On December 19, the Department informed the court appellant had been accepted at a facility in Iowa. On January 9, 2014, the juvenile court ordered appellant placed at the Iowa facility.

### DISCUSSION

" 'We review a juvenile court's commitment decision for abuse of discretion, indulging all reasonable inferences to support its decision.' [Citation.] ' "[D]iscretion is abused whenever the court exceeds the bounds of all reason, all of the circumstances being considered." ' [Citation.] We will not disturb the juvenile court's findings when there is substantial evidence to support them. [Citation.] ' "In determining whether there was substantial evidence to support the commitment, we must examine the record presented at the disposition hearing in light of the purposes of the Juvenile Court

---

[2] Appellant was identified in the petition by a number of aliases, including Khalid B. Appellant was previously adjudged a ward of the court in January 2012 based on a sustained allegation of attempted grand theft (Pen. Code, §§ 487, 664).

2

Law." ' " (*In re Oscar A.* (2013) 217 Cal.App.4th 750, 755-756 (*Oscar A.*).) "A trial court abuses its discretion when the factual findings critical to its decision find no support in the evidence." (*People v. Cluff* (2001) 87 Cal.App.4th 991, 998.)

The purpose of the juvenile court law is "to provide for the protection and safety of the public and each minor under the jurisdiction of the juvenile court and to preserve and strengthen the minor's family ties whenever possible, removing the minor from the custody of his or her parents only when necessary for his or her welfare or for the safety and protection of the public. If removal of a minor is determined by the juvenile court to be necessary, reunification of the minor with his or her family shall be a primary objective. If the minor is removed from his or her own family, it is the purpose of this chapter to secure for the minor custody, care, and discipline as nearly as possible equivalent to that which should have been given by his or her parents." (§ 202, subd. (a).) "Minors under the juvenile court's jurisdiction must receive the care, treatment, and guidance consistent with their best interest and the best interest of the public. (§ 202, subd. (b).) Additionally, minors who have committed crimes must receive the care, treatment, and guidance that holds them accountable for their behavior, is appropriate for their circumstances, and conforms with the interest of public safety and protection. (*Ibid.*) This guidance may include punishment that is consistent with the rehabilitative objectives. (*Ibid.*)" (*Oscar A.*, *supra*, 217 Cal.App.4th at p. 756.)

In the present case, the Department observed appellant posed a flight risk and danger to the community, and stated appellant "needs a treatment plan that consist[s] of positive socialization, strict supervision, structure, anger management, individual and family therapy, [and] victim restitution and victimization [e]ffects." The Department's dispositional report also identified various problematic behaviors by appellant's mother, and at the dispositional hearing the Department's counsel noted the need to get appellant away from "negative influences." The Department's dispositional report indicates it considered and rejected two California alternatives to an in-home placement: the Log

Cabin Ranch School (LCRS) and the San Francisco Boys Shelter (SFBS).[3] Prior to the dispositional hearing, appellant's attorney did not object to an out-of-home placement, but did file a lengthy written objection to placing appellant out-of-state. Reports from a neuropsychologist and a licensed clinical social worker were attached. The written objection recommended three "therapy based placements in California: Excel in Turlock…, Alpha Connections… in Apple Valley, and Quality Group Home… in Fresno." At the hearing, appellant's counsel again suggested he be placed at one of these three facilities and noted each was far away from the Bay Area.

At the close of the dispositional hearing, the juvenile court conditionally authorized an out-of-state placement, reasoning: "At this time [t]he Court does not believe that there's an appropriate placement that can address his educational and mental health needs in the state of California, *but I am leaving that to the Placement Department when they explore the options*." (Emphasis added.) There is no indication the Department considered any additional California facilities in its subsequent investigation; instead, its reports indicate it considered only five out-of-state placements. The juvenile court ultimately approved appellant's placement at an Iowa facility, finding "in state facilities or programs have been determined to be unavailable or inadequate to meet the minor's needs."

We conclude the Iowa placement was an abuse of discretion; the trial court failed to follow the dictates of section 727.1(b)(1). Pursuant to that provision, a court may only send a minor to an out-of-state facility if in-state facilities are "unavailable or inadequate to meet the needs of the minor." (*Ibid.*) Nonetheless, in the present case, the Department considered only two out-of-home California placements. Both were local, and the Department found both were inadequate. That determination has not been challenged by appellant. No evidence, either direct or circumstantial, provides a basis for finding the Department even considered the adequacy of any other placement in California, including

---

[3] Respondent does not dispute LCRS and SFBS are local placements.

the three non-local California placements suggested by appellant that might have satisfied the goal of separating appellant from the negative influence of his mother.

We recognize that the Department may reject an available California placement if it is not adequate to meet a minor's needs. But the Department evaluated the adequacy of only two in-state facilities. Respondent suggests, "[i]t is reasonable to infer that the probation department was aware of and considered" the other California placements suggested by appellant's counsel. However, because the probation department carefully documented its consideration of two local facilities and various out-of-state facilities, it would be unreasonable to infer the probation department considered the California facilities proposed by appellant, but failed to document it had done so. In the absence of evidence that other in-state programs were found to be either unavailable or inadequate, the Department's effort fails to comply with the mandate of section 727.1(b)(1).

We find guidance in the recent decision in *Oscar A.*, *supra*, 217 Cal.App.4th 750. There, the juvenile court placed out-of-state a juvenile who had been the subject of ten petitions, had absconded from two placements, and had been terminated from two other placements. (*Id.* at p. 753.) *Oscar A.* summarized the efforts to find a California placement as follows: "The probation officer stated all four of Oscar's previous homes denied his readmission, and she had sent applications to all the other group homes utilized by her department. She recommended [the out-of-state placement] because it operated a higher level facility than California facilities, had more extensive services, and more supervision. When pressed by Oscar's counsel as to its differences from in-state facilities, the probation officer explained [the out-of-state placement] offers classes more frequently and provides on-site staff, such as psychiatrists. Additionally, it has an on-site school and is 'self-contained,' which would limit Oscar's access to the public and ability to run away. The probation officer further noted California had only two facilities with an on-site school, both of which had denied Oscar admission." (*Id.* at p. 755.) The probation officer further explained that, while other California facilities might have on-site schools, "some facilities only service specific counties, and as such, her department limits its efforts to those that will accept juveniles from Imperial County." (*Ibid.*) The

5

court of appeal affirmed the out-of-state placement, because the probation department's investigation showed the California facilities were "either unavailable *or* inadequate." (*Id.* at p. 757.)[4]

Nothing comparable to the search for a California placement in *Oscar A.* occurred in the present case. In fact, respondent points to no *evidence* any California placements were considered, other than LCRS and SFBS. It strains credibility to believe that these were the only in-state facilities meriting consideration. Further, the Department's dispositional report and placement reports made no mention of the services to be provided by the out-of-state facilities it considered. Such a discussion might have provided an insight into why California's programs were believed to be inadequate for appellant's needs.

The placement decision is particularly fact intensive and requires a fully informed analysis by the juvenile court of the minor's needs and the programs' services. For this reason, we do not prescribe the *Oscar A.* investigation or any other specific method of justifying a non-California placement to be applied in all cases. However, the investigation must leave the juvenile court in a position where it may reasonably make the finding required by section 727.1(b)(1). That did not occur here.

---

[4] It is clear that in-state facilities may be considered unavailable if they either reject the minor or have no room for him or her. We need not address whether other reasonable limitations on "availability" exist, because neither party has suggested the Department or the juvenile court relied upon other such considerations in this case. As noted previously, in *Oscar A., supra,* 217 Cal.App.4th at page 755, the Imperial County probation officer acknowledged she did not investigate facilities that do not accept juveniles from her county. It is unclear whether that was due to the lack of a contract between the probation department and those other facilities, or for some other reason. Whether and under what conditions a probation department may restrict the number of "available" California facilities through its contracting procedures is an issue we need not address. The Department has not argued it investigated all adequate California facilities that accept juveniles from San Francisco County.

6

## DISPOSITION

The juvenile court's dispositional order is reversed.  The matter is remanded with directions that the juvenile court determine whether there is a California facility available and adequate to meet appellant's needs.

_____

SIMONS, Acting P.J.

We concur.

_____

NEEDHAM, J.

_____

BRUINIERS, J.

(A140708)

8

Superior Court of the City and County of San Francisco, No. JW12-6429, Hon. Donna Hitchens, Judge.

First District Appellate Project, Jonathan Soglin and Jeremy Price, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Senior Assistant Attorney General, Eric D. Share and Christina Vom Saal, Deputy Attorneys General, for Plaintiff and Respondent.