Filed 1/5/16  In re K.N. CA1/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| In re K.N., a Person Coming Under the Juvenile Court Law. | |
| THE PEOPLE, Plaintiff and Respondent, v. K.N., Defendant and Appellant. | A145298 (San Francisco City & County Super. Ct. No. JW12-6031) |

Minor K.N. appeals the juvenile court's denial of his Welfare and Institutions Code[1] section 778 motion to modify orders assigning K.N. to out-of-home placement. Appellant's counsel has briefed no issues and asks this court to review the record pursuant to *People v. Wende* (1979) 25 Cal.3d 436, to determine whether it contains any arguable issues.  Counsel has notified appellant he can file a supplemental brief with the court.  No supplemental brief has been received from appellant.  Upon independent review of the record, we conclude no arguable issues are presented for review and affirm the juvenile court's order.

**STATEMENT OF FACTS AND PROCEDURAL HISTORY**

In January 2012, when appellant was 13 years old, a juvenile wardship petition was filed against him pursuant to section 602.  The petition alleged appellant

_____

[1] All statutory references are to the Welfare and Institutions Code unless otherwise indicated.

(1) unlawfully kidnapped and carried away one J.C. in order to commit sexual assault (Pen. Code, § 209, subd. (b)(1)); (2) unlawfully participated in an act of oral copulation with J.C. (*id.*, § 288a, subd. (b)(1)); and (3) unlawfully violated the personal liberty of J.C. by means of force and violence (*id.*, § 236).  The petition was later amended to add a fourth count for sexual battery.  (*Id.*, § 243.4, subd. (a).)  In April 2012, appellant admitted to the fourth count, and counts 1 through 3 were dismissed.  The court declared appellant a ward of the court, but did not remove him from his mother's home.

The San Francisco District Attorney subsequently filed additional wardship petitions on August 28, 2012 and February 8, 2013.  The 2012 petition charged appellant with two counts of second degree robbery.  (Pen. Code, §§ 211, 212.5, subd. (c).)  The 2013 petition charged appellant with the unlawful taking of a vehicle (Veh. Code, § 10851, subd. (a)), and the unlawful driving of a vehicle on a highway without a license (*id.*, § 12500, subd. (a)).  The petitions were amended, and appellant admitted to two counts of grand theft (Pen. Code, § 487, subd. (c)), and one misdemeanor count of unlawfully taking or driving a vehicle (Veh. Code, § 10851, subd. (a)).  The court redeclared wardship, committed appellant to probation for out-of-home placement, and recommended placement at the San Francisco Boys Shelter.

Appellant left the San Francisco Boys Shelter without permission on April 12, 2013.  He was arrested on July 24, 2013 on an outstanding bench warrant.  On August 6, 2013, appellant was placed at Teen Triumph in Stockton.  Appellant left Teen Triumph without permission on November 13, 2013, and was arrested on an outstanding bench warrant on January 3, 2014.  Several days later, appellant was placed at Excell and Optimist Youth Homes (Excell).  Appellant completed the Excell program, and on August 15, 2014, the trial court authorized appellant's return to home detention.

The San Francisco District Attorney filed yet another wardship petition against appellant in November 2014.  This petition asserted counts for attempted murder (Pen. Code, §§ 664/187), assault with a deadly weapon (*id.*, § 245, subd. (a)(1)), attempted second degree robbery (*id.*, §§ 664/212.5, subd. (c)), and felony elder abuse (*id.*, § 368, subd. (b)(1)), along with multiple enhancements for use of a deadly weapon.  The

prosecutor dismissed the charges due to the victim's unavailability. On January 16, 2015, the trial court granted the probation department the right to release appellant to his mother for home detention and imposed a number of conditions, including curfew.

On January 29, 2015, the probation department alleged appellant violated his probation conditions and recommended appellant be detained at juvenile hall. Appellant's counsel stipulated to a placement failure per section 737. The court ordered appellant detained pending disposition or further order. At a hearing on March 5, 2015, the court authorized the probation department to investigate out-of-state placement options. Two weeks later, the court ordered appellant into an out-of-state placement, explaining it was a necessary step considering appellant had already tried multiple in-state placements, appellant's status as a sex offender, and his gang history.

On May 11, 2015, appellant filed a section 778 modification motion. Appellant argued the court exceeded its authority by returning him to placement without a new disposition hearing, the delay in placing appellant was unreasonable and violated his rights under section 737, subdivision (e), and the court's insistence on an out-of-state placement was contrary to *In re Khalid B.* (2015) 233 Cal.App.4th 1285 (*Khalid B.*). The district attorney opposed the motion. The motion was denied on May 20, 2015. Appellant filed this timely appeal on June 2, 2015.

On August 3, 2015, another wardship petition was filed against appellant, alleging counts for (1) unlawful possession of a concealable firearm by a minor (Pen. Code, § 29610), (2) unlawful carrying of a loaded firearm in public (*id.*, § 25850, subd. (a)), and (3) unlawful carrying of a concealed firearm (*id.*, § 25400, subd. (a)(2)). Appellant admitted to count 1, and counts 2 and 3 were dismissed on the district attorney's own motion. The juvenile court held a disposition hearing on August 24, 2015, at which it redeclared wardship and ordered appellant into out-of-home placement.

## DISCUSSION

Appellant was ably represented by counsel throughout the proceedings. We find no indication in the record counsel provided ineffective assistance.

3

The juvenile court did not abuse its discretion in denying appellant's section 778 motion. As an initial matter, we find nothing in the record suggesting there was a substantial change in circumstances warranting modification or termination of the court's jurisdiction. Further, the arguments raised in appellant's section 778 motion are meritless. A new dispositional hearing was not required before returning appellant to out-of-home placement, as appellant's counsel had stipulated to a placement failure and the juvenile court's prior placement order had not been vacated. In any event, appellant's arguments on this point were rendered moot due to the new disposition hearing held on August 24, 2015. As to appellant's argument that the delay in placing him was unreasonable, substantial evidence supported the trial court's finding that the delay was the result of appellant's refusal to cooperate. Finally, contrary to appellant's arguments below, the facts of this case are distinguishable from *Khalid B.*, where the minor was placed out of state immediately after disposition and the probation department evaluated the adequacy of only two in-state placements. (*Khalid B.*, *supra*, 233 Cal.App.4th at pp. 1289–1290.)

The court has reviewed the entire record and finds no arguable issues requiring further briefing.

Accordingly, the juvenile court's order denying the section 778 motion is affirmed.

_____
Margulies, J.

We concur:


_____
Humes, P.J.


_____
Dondero, J.