Filed 1/8/21  In re Isaac C. CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| In re ISAAC C., a Person Coming Under the Juvenile Court Law. | |
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>ISAAC C.,<br><br>Defendant and Appellant. | F079792<br><br>(Super. Ct. No. 16CEJ600196-4)<br><br>**OPINION** |

### THE COURT[*]

APPEAL from a judgment of the Superior Court of Fresno County.  Mary Dolas, Judge.

Candice L. Christensen, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Eric L. Christoffersen and Ward A. Campbell, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

[*]     Before Franson, Acting P.J., Peña, J. and Meehan, J.

Minor Isaac C. contends the juvenile court abused its discretion when it committed him to the New Horizons program rather than the Substance Abuse Unit.  We affirm.

**BACKGROUND**

On June 21, 2016, an original Welfare and Institutions Code section 602 petition was filed in Fresno County, alleging that minor committed felony attempted robbery. (Pen. Code,[1] §§ 211, 664.)  On January 26, 2017, minor was declared a ward of the court and placed on probation.

On August 9, 2017, a subsequent petition was filed in Fresno County, alleging minor had committed misdemeanor petty theft.  (§ 484, subd. (a).)  The following day, the court sustained the petition and continued minor on probation.

On October 16, 2018, a petition was filed in Madera County, alleging that minor had committed misdemeanor resisting arrest.  (§ 148, subd. (a)(1).)  On November 13, 2018, the petition was transferred to the Fresno County Superior Court and, on November 29, 2018, minor was continued on probation.

On January 23, 2019, minor was placed at the New Start Youth Facility in Bakersfield.  He absconded the next day.  The court revoked minor's probation on all three petitions, and a bench warrant was issued for his arrest.  Minor was subsequently located and the bench warrant was withdrawn.

On May 24, 2019, the Los Angeles County District Attorney filed a petition under Welfare and Institutions Code section 602 alleging minor committed felony second degree robbery.  (§ 211.)  The allegation arose out of a May 22, 2019 incident in which minor and two companions absconded from the Optimist Youth Homes in Los Angeles County, stole a bottle of Fireball from a drug store, drank it, then proceeded to a market where they punched the cashier and took cash, alcohol, cigarette lighters, and Swisher Sweets cigarillos, before fleeing on foot.  In a field show up, the cashier identified minor

---

[1]     Undesignated statutory references are to the Penal Code.

as someone who hit him, although not the main aggressor.  Swisher Sweets cigarillos and a lighter were recovered from minor, and $71 in cash was recovered from his companions.[2]

On June 26, 2019, the petition was amended by interlineation to allege that minor committed assault by force likely to produce great bodily injury.  (§ 245, subd. (a)(4).)  Minor waived his constitutional rights and admitted the allegation.

On July 2, 2019, the petition was transferred from Los Angeles County to the Fresno County Superior Court for disposition.

On July 31, 2019, the court granted minor's request to be screened for the Substance Abuse Unit (SAU).  Minor's grandmother was appointed educational rights and developmental service rights holder.

On August 8, 2019, the court held a disposition hearing.  The court continued minor on probation and committed him to the New Horizons program for 365 days.  The court found the offense was listed under Welfare and Institutions Code section 707, subdivision (b).  The court awarded minor 649 days of custody credits against the maximum term of confinement, which was set at five years and two months.  The court imposed a $100 restitution fine. (Welf. & Inst. Code, § 730.6.)

On August 12, 2019, minor filed a timely notice of appeal.

## DISCUSSION

Minor contends the court abused its discretion in committing him to the New Horizons program, rather than the Substance Abuse Unit.  He contends the court's determination was based on generalities, rather than minor's unique needs.  He also contends that he requires the "intensive in-patient substance abuse treatment that could only be provided by SAU," and that New Horizons was inappropriate because minor lacks the discipline to succeed in this longer program, and because he may be placed

---

[2]     These facts are taken from the probation officers' reports.

3.

there with a companion involved in the instant offense, with whom minor is prohibited from associating.

## A. Applicable Law

We review the juvenile court's commitment decision for abuse of discretion, indulging all reasonable inferences in support of its decision. (*In re Angela M.* (2003) 111 Cal.App.4th 1392, 1396 (*Angela M.*).) " 'A [juvenile] court abuses its discretion when the factual findings critical to its decision find no support in the evidence.' " (*In re Khalid B.* (2015) 233 Cal.App.4th 1285, 1288 (*Khalid B.*).) We therefore will affirm if the record contains substantial evidence to support the juvenile court's findings. (*In re Calvin S.* (2016) 5 Cal.App.5th 522, 527-528.)

" ' " 'In determining whether there was substantial evidence to support the commitment, we must examine the record presented at the disposition hearing in light of the purposes of the Juvenile Court Law.' " ' " (*Khalid B.*, *supra*, 233 Cal.App.4th at p. 1288.) The purpose of the law is:

> "to provide for the protection and safety of the public and each minor under the jurisdiction of the juvenile court and to preserve and strengthen the minor's family ties whenever possible, removing the minor from the custody of his or her parents only when necessary for his or her welfare or for the safety and protection of the public. If removal of a minor is determined by the juvenile court to be necessary, reunification of the minor with his or her family shall be a primary objective. If the minor is removed from his or her own family, it is the purpose of this chapter to secure for the minor custody, care, and discipline as nearly as possible equivalent to that which should have been given by his or her parents. This chapter shall be liberally construed to carry out these purposes." (Welf. & Inst. Code, § 202, subd. (a); accord, *Khalid B.*, at p. 1288.)

" 'Minors under the juvenile court's jurisdiction must receive the care, treatment, and guidance consistent with their best interest and the best interest of the public. ([Welf. & Inst. Code,] § 202, subd. (b).) Additionally, minors who have committed crimes must receive the care, treatment, and guidance that holds them accountable for their behavior, is appropriate for their circumstances, and conforms with the interest of public safety and

protection.  (*Ibid.*)  This guidance may include punishment that is consistent with the rehabilitative objectives.  (*Ibid.*)' "  (*Khalid B.*, *supra*, 233 Cal.App.4th at p. 1288.)  In making its judgment, the court must also consider the minor's age, the circumstances and gravity of the offense, and the minor's previous delinquent history.  (Welf. & Inst. Code, § 725.5.)

Because rehabilitation is one of the primary objectives of juvenile court law, " ' "the statutory scheme contemplates a progressively more restrictive and punitive series of dispositions starting with home placement under supervision, and progressing to foster home placement, placement in a local treatment facility, and finally placement at the [Division of Juvenile Justice].' "  (*In re Carlos J.* (2018) 22 Cal.App.5th 1, 6.)  However, there is no absolute rule that a trial court cannot impose a particular commitment until less restrictive placements actually have been attempted.  (*In re Eddie M.* (2003) 31 Cal.4th 480, 507; *Carlos J.*, at p. 6.)

## B.      Additional Factual Background

At the start of the disposition hearing, minor's counsel represented that minor was screened for the SAU, and that "[a]ll parties agreed that he was suitable for SAU."

The probation officer argued that New Horizons was a more appropriate commitment.  The probation officer noted that minor was the subject of several petitions and had committed multiple violations of probation.  He had been with probation for "quite some time," but had failed to complete or was unsuccessful on outpatient programs.  The probation officer also noted that the present offense was "quite concerning."  The probation officer pointed out that New Horizons could address minor's substance abuse issues, but also other issues minor had not yet dealt with.

The People submitted on minor's counsel's request for placement in the SAU noting, "this is a route that hasn't been explored yet."

Minor's counsel argued the SAU was appropriate because minor struggled with substance abuse and that his most recent crime was alcohol-related.  Counsel expressed

minor's willingness to address his drinking problem, and argued minor would have a difficult time "being successful on probation or in life" without attending the SAU. Counsel argued that New Horizons was not as targeted as the SAU with regard to substance abuse treatment. Furthermore, counsel argued that, if minor was not successful in the SAU, his age still permitted a later commitment to New Horizons, if necessary.

The court expressed skepticism regarding the efficacy of the SAU for minor in light of minor's prior unwillingness to participate in substance abuse treatment. Minor's counsel noted that those prior attempts had been in an outpatient setting while minor was living in a group home, where the "temptation for him was too strong." Counsel argued that the structure of the SAU would provide minor the tools to get clean.

The court stated that substance abuse was not minor's "primary issue." The court opined that minor's other issues would be addressed through the New Horizons program. The court further opined that minor could successfully complete the SAU, but still have behavior problems thereafter due to failing to address some of his other issues. Minor's counsel pointed out that the SAU also offers mental health counseling, anger management, daily school and other programming opportunities. On the other hand, New Horizons was not mainly a substance abuse program.

Minor's grandmother addressed the court. She agreed with the court that "there's lots of other things going on in [minor's] life besides substance abuse." She stated, "Substance abuse is a symptom to try to cover up all the other things that – a coping mechanism to cover up all the other things going on in his life." The court noted that minor's offense was serious, and that a new law violation or violation of probation could result in minor's commitment to the Division of Juvenile Justice. The court noted that, "sometimes the New Horizons because it's a longer program and they offer more services in addition to substance abuse can be a more successful or productive program because it's longer term, requires more discipline and many of those who take advantage of it, it seems to be the one thing that will click to make sure that they understand how to make

better choices and be successful upon leaving." Minor's grandmother agreed that New Horizons, "if it's a more encompassing program that encompasses more than just the coping of the alcohol and drug abuse then, yes, I definitely am for it, getting him all the services that are available to him."

Minor's counsel nonetheless argued in favor of SAU on the basis that minor would be most assisted by substance abuse treatment. The probation officer noted that anger management and individual or family counseling are not mandatory in the SAU, and thus minor could choose not to address those issues in that program. The People then changed their position and argued in favor of New Horizons, particularly based on minor's grandmother's statement that substance abuse was only one factor at play in minor's behavior. The People expressed concern that services other than substance abuse treatment were not required in the SAU. Minor's counsel noted that the probation report had not considered the SAU, only the Division of Juvenile Justice and New Horizons.

The court noted its duty to determine "which local program is the most appropriate" and expressed its view that the SAU would not meet all minor's needs, while New Horizons was "best suited" to lead to minor's success upon completion of his commitment. The court expressed concern regarding the escalation of minor's behavior and noted that, while it was alcohol-related, minor had "a number of other issues" which could be addressed through the programs New Horizons would require. Accordingly, the court committed minor to the New Horizons program.

**C.     Analysis**

Here, the juvenile court expressly stated on the record and at length its reasons for selecting New Horizons and rejecting the SAU. Primarily, the court noted that minor had issues that went beyond substance abuse that, in the court's opinion, could not be adequately addressed in the SAU. However, programming to meet minor's needs would be required in New Horizons. The court noted that minor previously had declined to avail himself of substance abuse programming, and expressed skepticism at minor's

willingness to do so at the time of disposition. Additionally, the court noted the increasing severity of minor's behavior, and the need to select a program that would provide minor the best chance of success at avoiding a future violation, which could result in commitment to the Division of Juvenile Justice. Notably, minor's grandmother concurred that minor would benefit from the range of services available through New Horizons. Ample evidence supported the juvenile court's finding that commitment to the SAU did not offer sufficient structure and was not appropriate to provide for minor's rehabilitation and the public's safety.

Minor nonetheless argues the court abused its discretion in committing him to New Horizons. Minor argues that he requires the inpatient substance abuse treatment that can only be provided by the SAU. However, the record reflects that New Horizons also offers substance abuse treatment, as well as other programs the court found would benefit minor's rehabilitation. The court did not abuse its discretion in rejecting the SAU on this basis.

Minor contends the court failed to consider his unique needs. This argument is based on the court's general comment, in colloquy with minor's grandmother, that "sometimes more people" have success from the structure and length of the New Horizons program, and that "many of those" who take advantage of the New Horizons program understand how to make better choices and be successful. This statement reflects the court's general understanding of the benefits of the New Horizons program. However, the court very specifically tied those benefits to minor's unique needs, noting that minor's history indicated he required the structure and programming of New Horizons. The court did not base minor's placement on generalizations.

Minor contends he may lack the discipline to benefit from New Horizons, particularly because it is more demanding and longer than the SAU. Minor did not raise this argument below. (*In re N.R.* (2017) 15 Cal.App.5th 590, 598 [issues of fact are forfeited if not raised below].) Regardless, the record reflects that minor did not benefit

8.

from short-term programs.  Additionally, the court found that minor would benefit from New Horizons and, as we have explained, substantial evidence supports that finding.  Minor's speculation that he may lack the discipline to complete the program is not sufficient for us to conclude the court abused its discretion.

Minor contends placement at New Horizons is inappropriate because one of his companions in the instant case, D.R., also was recommended for commitment to New Horizons.  Additionally, minor's probation conditions prohibit him from associating with D.R., and thus he cannot be at New Horizons at the same time as D.R. without violating the terms of his probation.  Minor did not raise this issue below and, as a result, the record is not sufficiently developed to support minor's argument.  As the People point out, the record does not reflect whether D.R. was, in fact, committed to New Horizons.  Furthermore, the record does not contain sufficient information to establish that placement of both minor and D.R. at New Horizons would require them to associate with one another in violation of the probation conditions.  Finally, we note that minor did not object to this probation condition below.  (*People v. Welch* (1993) 5 Cal.4th 228, 237 [failure to object to probation condition generally forfeits the issue on appeal].)  We cannot conclude the court abused its discretion on this basis.

Lastly, minor contends the SAU was a "superior" choice.  However, on appeal, we do not reweigh the evidence to determine which placement is "superior."  Rather, we consider whether the court's factual findings are supported by substantial evidence (*Khalid B.*, *supra*, 233 Cal.App.4th at p. 1288), and whether the trial court abused its discretion in light of the facts as found (*Angela M.*, *supra*, 111 Cal.App.4th at p. 1396).  The court heard opposing views regarding minor's suitability for New Horizons and the SAU from the probation officer, the People, minor's counsel, minor himself, and minor's grandmother.  The court ultimately concluded minor had needs that could not be met by the SAU.  As stated, substantial evidence supports this finding.

Indulging all reasonable inferences supporting the court's decision, the record demonstrates that commitment to New Horizons would provide for minor's rehabilitation and for public safety. (See *Angela M.*, *supra*, 111 Cal.App.4th at p. 1396.) The juvenile court did not abuse its discretion.

## **DISPOSITION**

The juvenile court's disposition order is affirmed.